UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIA WILLIAMS,

       Plaintiff,

v.                                        Case No:   6:16-cv-731-Orl-41TBS

COVENTRY HEALTH CARE OF
FLORIDA, INC.,

       Defendant.

---

## REPORT AND RECOMMENDATION

Pending before the Court is the Stipulated Motion for Conditional Class Certification and Court-Authorized Notice (Doc 23) and Plaintiffs' Motion to allow Notice to be sent via email (Doc. 25). Upon due consideration I respectfully recommend that the Stipulated Motion be **GRANTED** and Plaintiff's Motion to allow Notice be **GRANTED in part**.

## I.  Background

On March 10, 2016, Plaintiff, on behalf of herself and all similarly situated individuals, filed an action in state court against her former employer for unpaid overtime compensation and related relief, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 2). Defendant removed the action to this Court (Doc. 1) and has filed an Answer denying the merits and setting forth certain affirmative defenses (Doc. 11).

The parties have filed a stipulated motion for conditional class certification and have tendered an agreed FLSA Notice and opt-in consent form (Doc. 23-1) to be sent to the putative members of the collective action ("the Notice"). Plaintiff has further moved to

allow the Notice to be sent via email, in addition to the use of first class U.S. mail.

Defendant objects to the use of email (Doc. 24), asserting that it is "improper at this early

stage." (Doc. 23, p. 3).

## II.  Discussion

Title 29, United States Code, Section 216(b) permits an employee to maintain an

action against any employer, on behalf of himself and other similarly situated employees,

for unpaid overtime compensation in violation of the FLSA. The Act provides that:

> An action to recover the liability [for unpaid overtime] may be
> maintained against any employer (including a public agency)
> in any Federal or State court of competent jurisdiction by any
> one or more employees for and in behalf of himself or
> themselves and other employees similarly situated. No
> employee shall be a party plaintiff to any such action unless
> he gives his consent in writing to become such a party and
> such consent is filed in the court in which such action is
> brought.

29 U.S.C. § 216(b). The FLSA also "authorizes collective actions against employers

accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233,

1258 (11th Cir. 2008).

The Eleventh Circuit has sanctioned a two-step approach for determining whether

to certify a collective action pursuant to section 216(b). See Hipp v. Liberty Nat'l Life Ins.

Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001). The first step is the "notice stage," in which

the district court makes a determination as to whether notice of the action should be given

to potential collective class members. Id. at 1218. The district court may conditionally

certify a collective action and authorize notice to potential claimants if the named plaintiff

adequately demonstrates "a 'reasonable basis' for his claim that there are other similarly

situated employees." Morgan, 551 F.3d at 1260; Grayson v. K Mart Corp., 79 F.3d 1086,

1097 (11th Cir. 1996) ("[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination.").

The standard applied in this first stage is a lenient one which "typically results in conditional certification" of the collective action. Rodgers v. CVS Pharmacy, Inc., No. 8:05-cv-770T-27MSS, 2006 WL 752831, *2 (M.D. Fla. Mar. 23, 2006). Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation. Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006). If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. Hipp, 252 F.3d at 1218.[1]

Here, while making no admission of wrongdoing and reserving all rights to challenge certification at the appropriate time, Defendant has agreed to conditional class certification and the form of the Notice and consent. As such, Plaintiff has carried her burden at the Notice stage.

With respect to the use of email, Plaintiff correctly notes that courts in this district and others have found email to be an appropriate and efficient addition to first class mail in the delivery of notice to a class. See, e.g., Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan 22, 2014)("A number of courts have determined that email is an inexpensive and appropriate means of delivering notice

---

[1] The second step carries a heavier burden and is typically "triggered by an employer's motion for decertification." Morgan, 551 F.3d at 1261. At this second stage, the court must consider the evidence of record and make a *factual finding* concerning the similarity of the class. Id. If the court makes a factual determination that the parties are similarly situated, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice and the case proceeds on the individual claims of the original plaintiffs. Hipp, 252 F.3d at 1218. The Court need not analyze this step because the parties to this case are presently at the notice stage.

of an action to a class."); <u>Stuven v. Texas de Brazil (Tampa) Corp.</u>, No. 8:12-cv-1283-T-24TGW, 2013 WL 610651, at *6 (M.D. Fla. Feb.19, 2013) ("The Court is not persuaded that notice by email is too intrusive, and will permit notice to be made in this manner."); <u>Alequin v. Darden Restaurants, Inc.</u>, No. 12-61742-CIV, 2013 WL 3945919, at *2 (S.D. Fla. July 31, 2013) ("courts in this Circuit commonly approve email notice to potential opt-in class members in FLSA cases."). In view of this authority, Defendant's contention that any email notice is improper is not persuasive.

That said, Plaintiff has not shown a basis for permitting the transmittal of the Notice to putative class members by way of their work email addresses at Defendant's place of business. Requiring Defendant to disclose and allow for the use of the work email addresses it provides to its employees is more intrusive than allowing Plaintiff to utilize personal email addresses. Absent a showing that service by first class mail or personal email is insufficient to provide notice, the motion is due to be granted only to the extent it seeks disclosure of and service to personal email addresses of the putative class members.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Stipulated Motion for Conditional Class Certification and Court-Authorized Notice. (Doc 23) be **GRANTED**; and the district court **CONDITIONALLY CERTIFY** this case as a collective action for the following class:

> All Social Workers employed by the Defendant in the State of Florida within the three-year period immediately preceding the filing of this case.

2.   The district court adopt the proposed Notice of Lawsuit Regarding Potential Overtime Wages and consent/opt-in form (Doc. 23-1);

3.   Plaintiff's Motion to allow Notice (Doc. 25) be **GRANTED;** and the district court order that **within five (5) days from the rendition of the district court's final Order on the motion**, Defendant shall **DELIVER** to Plaintiff's counsel the list containing the full names and last known addresses (including personal email addresses, if known) of putative class members, consistent with the terms of the Stipulated Motion;

4.  The district court order that Plaintiff's counsel give notice to the individuals in the conditionally certified class **within twenty-one (21) days of receiving the names and addresses from Defendant**, with the following limitations:

   a.  Plaintiff shall <u>not</u> give Notice to any person who currently has on file a consent to join in this action.

   b.  The Notice and Consent to Join shall be in the stipulated form approved by the Court, and shall be mailed on the same day via first class U.S. Mail to all individuals disclosed by Defendant (other than those persons who currently are opt-in Plaintiffs in this action) at the sole cost and expense of Plaintiff, dated with the date of mailing, and shall allow each individual up to sixty (60) days from the date of mailing in which to return a Consent to Join form to Plaintiff's counsel.

   c.  In addition to (and not in lieu of) service by first class mail, Plaintiff may serve Notice via personal email address; and

5.   The district court order that individuals who timely opt into this action be deemed parties for all purposes under the Federal Rules of Civil Procedure pending

further Order of this Court, and may be represented at any settlement or mediation by the named Plaintiff.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 4, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties